IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CV-207-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SEASHORE DRUGS, INC.; JOHN D. ) | |
| WAGGETT; BILLY W. KING, II, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion for entry of consent order and permanent injunction (DE 4). Although the motion recites the consent of defendants to jurisdiction and entry of the judgment, and plaintiff has filed a waiver of service, defendants have not entered an appearance in this matter. Therefore, the motion is DENIED WITHOUT PREJUDICE due to the lack of appearance by defendants. See Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 280 (4th Cir. 2002) ("The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of the resolution of their case in the court entering the order."); see, e.g., J&J Sports Prods., Inc. v. Ivela Lounge Inc., No. CV DKC 18-0904, 2019 WL 2395320, at *2 (D. Md. June 6, 2019) ("Because Defendants have not entered a valid appearance, it follows that they cannot yet offer consent to the motion for judgment filed by Plaintiff."); United States v. E.I. DuPont de Nemours & Co., No. CIV.A. 2:14-25143, 2015 WL 1887259, at *8 (S.D.W. Va. Apr. 24, 2015) (requiring counsel for defendants to enter an appearance before approval of consent decree).

SO ORDERED, this the 12th day of November, 2020.

                                                           _____
                                                           LOUISE W. FLANAGAN
                                                           United States District Judge