UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:20-CV-00207-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) SEASHORE DRUGS, INC., JOHN D. ) WAGGETT, AND BILLY W. KING ) II, ) ) Defendants. ) | **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, the United States of America, has filed a Complaint for Permanent Injunction and Civil Penalties (the "Complaint") under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, against Defendants Seashore Drugs, Inc., John D. Waggett, and Billy W. King II. [D.E. 1.] Plaintiff and Defendants (the "Parties") stipulate to the entry of this Consent Judgment and Permanent Injunction ("Order") to resolve the claims alleged in the Complaint. The Parties have informed the Court of the following:

### **PARTIES**

1. Plaintiff is the United States of America.

2. Defendant Seashore Drugs, Inc. ("SEASHORE") is a corporation organized under the laws of North Carolina, with its principal place of business at 2059 Carolina Beach Road, Wilmington, NC 28401-7239. SEASHORE was assigned

registration number AH4153401 by the U.S. Drug Enforcement Administration ("DEA") for dispensing controlled substances in the course of pharmacy practice.

3. Defendant John D. Waggett ("WAGGETT") is a resident of the Eastern District of North Carolina. At all times relevant to the Complaint, WAGGETT was a pharmacist duly licensed by the North Carolina Board of Pharmacy. WAGGETT was the owner and president of SEASHORE, and also worked as a pharmacist at SEASHORE.

4. Defendant Billy W. King II ("KING") is a resident of the Eastern District of North Carolina. At all times relevant to the Complaint, KING was a pharmacist duly licensed by the North Carolina Board of Pharmacy and served as the pharmacist-in-charge at SEASHORE. As pharmacist-in-charge, KING was responsible for the daily management of Seashore's pharmacy business, including the filling of prescriptions for controlled substances, subject to WAGGETT'S direction and oversight as owner and president of SEASHORE.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 21 U.S.C. §§ 842(c)(1)(A), 843(f)(2), and 882(a), as well as 28 U.S.C. §§ 1345 and 1355. For purposes of this Order, Defendants consent to this Court's subject-matter and personal jurisdiction.

6. Venue is proper in the Eastern District of North Carolina under 21 U.S.C. §§ 842(c)(1)(A) and 843(f)(2), as well as 28 U.S.C. §§ 1395(a) and 1391(b)–(d). For purposes of this Order, Defendants consent to venue in this judicial district.

7. Defendants agree to waive service of the Complaint and summons.

8. For purposes of this Order, Defendants agree that the Complaint states claims upon which relief can be granted under the Controlled Substances Act. Defendants otherwise make no admissions regarding the allegations in the Complaint.

9. For purposes of this Order, the terms "administer," "controlled substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

10. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the Parties have reached a settlement of this matter, including the terms set forth below. Defendants deny committing any of the alleged violations contained in the Complaint. This Order is not an admission of liability by Defendants nor a concession by the United States that its claims are not well founded. The Parties recognize, and by entry of this Order the Court finds, that this Order is fair, reasonable, and in the public interest.

## **ORDER**

In view of the foregoing, and based on the Parties' consent, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Judgment is hereby entered in favor of the United States and against Defendants SEASHORE, WAGGETT, and KING in the amount of $1,050,000.00 (the "Civil Penalty Amount"). The following shall apply to the Civil Penalty Amount:

    a. Defendants are jointly and severally liable for satisfaction of the Civil Penalty Amount;

b. None of the Civil Penalty Amount is restitution;

c. The Civil Penalty Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-08, and nothing in this Order precludes the United States from taking action to collect the debt as authorized by law; and

d. The United States agrees to waive pre-judgment interest on the Civil Penalty Amount.

2. Defendant WAGGETT is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from:

a. administering, dispensing, distributing, or possessing with the intent to distribute, any controlled substance;

b. serving as a manager, owner, operator, or pharmacist-in-charge of any entity, including a pharmacy, that administers, dispenses, or distributes controlled substances; and

c. applying for or seeking renewal of a controlled-substances registration from DEA, whether on his own behalf or on behalf of any other corporate entity.

3. Defendant KING is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from:

a. serving as a manager, owner, operator, or pharmacist-in-charge of any entity, including a pharmacy, that administers, dispenses, or distributes controlled substances; and

b. applying for or seeking renewal of a controlled-substances registration from DEA, whether on his own behalf or on behalf of any other corporate entity.

4. Defendant KING is hereby restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from, directly or indirectly, administering, dispensing, distributing, or possessing with the intent to distribute, any Schedule II controlled substance, *see* 21 C.F.R. § 1308.12, for a period of 180 days from the date of this Order. Upon expiration of this 180-day period, Defendant KING shall comply with the following additional terms for a period of three (3) years (the "Monitoring Period"):

a. By no later than the 10th day of each month during the Monitoring Period, Defendant KING shall provide to DEA a log of all Schedule II controlled-substance prescriptions that Defendant KING filled during the previous month.

b. In terms of required content and manner of submission, each log shall comply with instructions provided by the DEA.

c. Each log shall be accompanied by a certification signed by Defendant KING, stating as follows: "Before filling each prescription listed on this log, I determined whether any circumstances existed that reasonably raised a question about the

5

prescription's legitimacy or the lawfulness of its filling under the federal Controlled Substances Act (21 U.S.C. 801 *et seq.*) and its implementing regulations (21 C.F.R. Part 1306). If any such circumstances were present, I established, to the best of my professional judgment, the prescription's legitimacy and the lawfulness of its filling before dispensing any controlled substances to the patient, and I documented on the hard-copy prescription or in the pharmacy management software system the basis for my determination."

    d.    If Defendant KING does not fill any Schedule II controlled-substance prescriptions in a given month, Defendant KING shall provide to the DEA a signed certification that he has not filled any Schedule II controlled-substance prescriptions during that month.

5.    Each Party shall bear its own legal and other costs incurred in connection with this matter.

6.    Defendants warrant that they freely and voluntarily consent to this Order without any duress or compulsion and upon the advice of legal counsel, and the undersigned counsel represent and warrant that they are fully authorized to execute this Order on behalf of the persons and entities indicated below.

7.    This Order is requested by the Parties for the sole purpose of resolving the Complaint in this action, and this Order shall not constitute any admission or

concession by either Party with respect to the allegations in the Complaint in connection with any other civil, criminal or administrative proceeding or action.

      8.     The United States District Court for the Eastern District of North Carolina retains exclusive jurisdiction to enforce or modify this Order, and for the purpose of granting such additional relief as may be necessary or appropriate.

SO ORDERED, this the 16th day of December, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

[*Additional Signatures on Following Page*]

Consented to by:

ROBERT J. HIGDON, JR.
United States Attorney

BY: /s/ *(signature)*
C. MICHAEL ANDERSON
Assistant United States Attorney
N.C. State Bar No. 42646
JOHN E. HARRIS
Assistant United States Attorney
NC State Bar No. 49253
Civil Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: michael.anderson7@usdoj.gov
    john.harris5@usdoj.gov

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
United States Department of Justice
Civil Division

BY: /s/ *(signature)*
JAMES W. HARLOW
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
Telephone: (202) 514-6786
Facsimile: (202) 514-8742
E-mail: james.w.harlow@usdoj.gov
Maryland Bar (no numbers issued)

*Attorneys for the United States*

*(DocuSigned signature)*
John A. Gilbert, Jr.

JOHN A. GILBERT, JR.
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005-5929
Telephone: (202) 737-5600
Email: jgilbert@hpm.com

*Attorney for Defendants*